*Hayward v. Ellis.*

---

## LYSANDER WOOD *versus* JOHN COLE.

Where a deposition was taken by a magistrate who had previously appeared as counsel, at a trial of the action, in behalf of the attorney by whom it was commenced, and subsequently was retained as counsel, but was not of counsel at the time when he took the deposition, it was *held*, that such magistrate was not legally incompetent to take the deposition, and that its admission or rejection on the ground of prejudice, was a matter within the discretion of the court.

AT the trial of this action in the Court of Common Pleas, at April term 1831, before *Williams* J., the plaintiff offered in evidence a deposition, to the admission of which the defendant objected.

The deposition was taken by Isaac Stevens, on the 15th of December, 1829, and the adverse party was present by an attorney, who made no objection to the taking. A trial of the case was had before a justice of the peace, in October 1829,

Wood
v.
Cole.

when Stevens appeared for the plaintiff and signed the pleadings. An appeal from the judgment of the justice was entered at the November term of the Common Pleas next following, when Hercules Cushman Esq. appeared for the plaintiff and was his only attorney of record, and a trial was had in the Common Pleas at August term 1830. Stevens testified, that the action was commenced by Cushman ; that on the day of the trial before the justice, Cushman, being unable to attend in consequence of ill health, requested him (Stevens) to appear for him before the justice ; that until that time he (Stevens) had had no connection with the case ; that he did appear accordingly and, with the plaintiff, attended to the trial ; and that after the trial he did not consider himself as attorney or counsel for the plaintiff, or as having any thing further to do with the case, until the August term following, when he was employed by the plaintiff to assist in the trial of the case, and he had ever since continued to be of counsel for the plaintiff.

Upon these facts *Williams* J. admitted the deposition to be read in evidence to the jury ; to which decision the defendant filed exceptions.

*Oct. 24th.*    *Eddy*, in support of the exceptions, cited *St.* 1797, c. 35, § 1.

*Warren* and *Stevens* for the plaintiff.

*Oct. 26th.*    *Per Curiam*. It is stated explicitly by Mr. Stevens, that when he appeared at the trial before the magistrate, he had not been retained generally in the cause, that he merely appeared for that occasion only, in behalf of another gentleman, who was detained by ill health, and that he was not again employed, and did not consider himself as counsel or attorney in the cause, until long after the deposition was taken, in the following summer, when he was applied to and retained by the plaintiff. He appears in the mean time to have been so entirely disconnected with the cause and with the plaintiff, that he might without impropriety have taken a retainer on the other side. It appears to us therefore, that at the time of taking this deposition he was not incompetent to take it, within that clause of the statute, which requires depositions to be taken before a justice of the peace, not being of counsel or attorney to either party, or interested in the event of the cause. *St.* 1797, c. 35, § 1

It is undoubtedly very proper to watch over depositions narrowly, in order to prevent their being taken by persons who are prejudiced in the case ; but when not within the statute, that is a question addressed to the discretion of the court. In the case before us there was no legal ground to object to the deposition, and under the circumstances. we think it was rightly admitted.